**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL ALLMAN,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 15-7026

_____

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:13-CV-00495-FHS-KEW)**
_____

Submitted on the briefs:[*]

Miles L. Mitzner, Mitzner Law Firm, PLLC, Edmond, Oklahoma, for Plaintiff-Appellant.

Mark F. Green, United States Attorney; Cheryl R. Triplett, Assistant United States Attorney, Muskogee, Oklahoma; Michael McGaughran, Regional Chief Counsel, Region VI; Christopher John Carillo, Special Assistant United States Attorney, Social Security Administration, Dallas, Texas, for Defendant-Appellee.
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

**PHILLIPS**, Circuit Judge.

_____

Michael Allman applied for Social Security disability benefits, claiming he could not work due to spina bifida, a shunt in his brain, chronic back pain, headaches, depression, and anxiety. An administrative law judge (ALJ) concluded that Mr. Allman's residual functional capacity (RFC) permitted him to perform a number of jobs that exist in significant numbers in the national economy, defeating his disability claim. At step two of the applicable five-step sequential evaluation,[1] the ALJ determined that Mr. Allman's headaches were not a "severe impairment" within the meaning of the Social Security Act and its corresponding regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Nevertheless, the ALJ discussed and considered Mr. Allman's headaches in assessing his RFC to work. In crafting the RFC, the ALJ also gave "little weight" to the opinion of treating physician Erica Sun, D.O. Appellant's App. vol. I at 51.

After the ALJ denied his claim, the Appeals Council denied review and the district court affirmed after adopting the magistrate judge's report and

---

[1] At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id*. If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id*. (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id*. Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id*.

recommendation and overruling Mr. Allman's objections. The district court concluded that Mr. Allman had failed to demonstrate that his headaches qualified as a severe impairment and that the ALJ had provided sufficient bases for not assigning more weight to Dr. Sun's opinion. On appeal, Mr. Allman challenges, among other things, the district court's findings regarding the ALJ's determinations at steps two and four. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

## I

Initially, we note that Mr. Allman properly preserved for review only two of the arguments he presents on appeal. Specifically, Mr. Allman's objections to the magistrate judge's recommendations do not include the following general arguments made in his opening brief before us: (1) that the vocational expert's testimony conflicts with the *Dictionary of Occupational Titles*, and (2) that the ALJ used the term "stable" to indicate that Mr. Allman's impairments were not severe.

"The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). We have adopted a firm-waiver rule providing that the "failure to make timely objection[s]" to a magistrate judge's recommendations "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quoting *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004)). "There are two exceptions when the firm waiver rule does not apply: 'when (1) a *pro se* litigant has not been informed

of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review.'" *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted)). Here, neither exception applies because Mr. Allman has counsel and he does not justify how the interests of justice compel review. Because Mr. Allman has not adequately presented these arguments to the district court, they are waived.

Additionally, Mr. Allman failed to argue before the district court that the ALJ's findings under Listing 12.05C, 20 C.F.R. Pt. 404, Subpt. P, App. 1, and his mental-RFC findings were unsupported by substantial evidence. *See* Appellant's Opening Br. at 10–18 (nesting this argument within his first argument that the ALJ did not properly consider his headaches). If a claimant fails to present an issue to the district court, the issue is forfeited unless compelling reasons dictate that the forfeiture be excused. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court."). Here, Mr. Allman offers no justification at all, much less any compelling reason, for his failure to preserve this issue. Accordingly, Mr. Allman forfeits this argument.

## II

Regarding the issues he did raise in the district court, Mr. Allman argues that the ALJ erred in not finding that his headaches were a severe impairment at step two and that the ALJ failed to sufficiently consider his headaches in combination with his

4

other severe impairments at step four. He also contends that the ALJ erred in according little weight to Dr. Sun's questionnaire at step four. We review whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

**A**

Mr. Allman's step-two argument fails as a matter of law. An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A claimant must make only a *de minimis* showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). To that end, a claimant need only establish, and an ALJ need only find, one severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir. 2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do"). The reason is grounded in the Commissioner's regulation describing step two, which states: "If you do not have a *severe* medically determinable physical or mental impairment . . . or a combination of impairments that is severe . . . , we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(ii) (emphasis added). By its plain terms, the regulation requires a claimant to show only "*a* severe" impairment—that is, *one* severe impairment—to avoid a denial of benefits at step two. *Id*. (emphasis added). As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds

5

that at least one other impairment is severe. Here, the ALJ found six other impairments severe.

Mr. Allman's step-four argument regarding his headaches also fails. While an ALJ must consider the limiting effects of non-severe impairments in determining the claimant's RFC, 20 C.F.R. § 404.1545(e), Mr. Allman concedes that the ALJ considered his headaches, noting the frequency with which the ALJ referenced such headaches in his analysis, Appellant's Opening Br. at 6. We agree that the ALJ's references reflect thoughtful consideration of Mr. Allman's headaches. The ALJ (1) noted that medical evidence indicates his intermittent headaches were "doing fairly well," (2) explained that while Mr. Allman sometimes experienced an increase in headache symptoms, the increase was temporary and rare, and (3) concluded that the record contains no pathological clinical signs or medical findings that would establish the existence of pain so severe as to prevent Mr. Allman from working. Appellant's App. vol. I at 46–47, 54. Accordingly, despite his posturing, Mr. Allman has identified no basis for us to reverse the ALJ's RFC finding.

**B**

Though she had been treating Mr. Allman for a short time prior, the earliest medical record from Dr. Sun is a mental-impairment questionnaire she completed in September 2011 for evaluating this disability claim. Dr. Sun assessed Mr. Allman with a global-assessment-of-functioning (GAF) score of 55 and indicated via check marks that he experienced poor memory; appetite disturbance; sleep disturbance; personality change; mood disturbance; loss of intellectual ability of 15 IQ points or

6

more; recurrent panic attacks; psychomotor agitation or retardation; feelings of guilt or worthlessness; difficulty thinking or concentrating; suicidal ideation; oddities of thought, time, or place disorientation; social withdrawal or isolation; generalized persistent anxiety; and hostility or irritability. When prompted to identify the clinical findings that demonstrated the severity of Mr. Allman's symptoms, Dr. Sun opined, "He has difficulty with short term memory to the point where he has forgotten instructions given to him from time of appt end to walking out of office." Appellant's App. vol. III at 494. Dr. Sun noted that she had prescribed four medications to help with sleep, anxiety, and mood. She observed that Mr. Allman had a "good response psychiatrically" to the medication. *Id.* at 495. Dr. Sun also opined that Mr. Allman has cognitive deficits and a lower IQ due to his spina bifida and shunt.

On this basis, Dr. Sun concluded that Mr. Allman would have difficulty working at a regular job on a sustained basis because of cognitive deficits, including poor concentration, poor memory, and a decreased ability to retain learned information. To that end, she assessed him with slight restriction of activities of daily living; moderate difficulties in maintaining social functioning; constant deficiencies in concentration, persistence, and pace; and repeated episodes of decompensation. Nevertheless, Dr. Sun stated that Mr. Allman could manage benefits in his best interest.

Mr. Allman's step-four argument regarding the ALJ's weight given Dr. Sun's opinion also fails. When analyzing a treating physician's opinion, an ALJ first considers "whether the opinion is well supported by medically acceptable clinical and

7

laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If so, the ALJ must give the opinion controlling weight. *Id*. But if the ALJ decides that "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id*. Relevant factors the ALJ may consider include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . ." *Langley*, 373 F.3d at 1119 (first omission in original). The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Id*. "If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id*. (brackets omitted).

In this case, the ALJ expressly gave "little weight" to Dr. Sun's opinion:

> Though she is his treating psychiatrist, neither her treating notes nor the evidence available as a whole support the degree of limitation she

8

opined. For example, in relating the claimant's symptoms in her medical source statement, she reported that he has memory problems such that he forgets instructions given to him by the time he walks out of the office. Though he has reported, on occasion, that he was unclear which medications he was taking, he has repeatedly demonstrated his understanding of treatment provider instructions as reflected, for example, b[y] his knowing which medications to take for exacerbated GI symptoms. Moreover, objective testing of his memory does not support the degree of limitation.

Appellant's App. vol. I at 51. We conclude that substantial evidence supports the ALJ's decision to give little weight to Dr. Sun's. As the ALJ determined, Dr. Sun's opinion was not "consistent with the other substantial evidence in the record." *Pisciotta*, 500 F.3d at 1077.

Dr. Sun's treatment records do not indicate any deficiency in Mr. Allman's ability to concentrate or remember things other than two instances where he neglected to get his medications refilled and one instance where he "doesn't know what meds he is taking currently." Appellant's App. vol. III at 513; *see also id.* at 567 ("He states he doesn't remember taking [Propranolol], yet shows refill x 4 since 7/11."). At other times, however, Mr. Allman complied with his medications' instructions. Despite his departure from the prescribed medication schedule, Mr. Allman still never experienced any suicidal ideation (contrary to Dr. Sun's questionnaire); was described at various times as fairly cheerful, euthymic, improved; and never had a GAF below 55. Many of the problems Dr. Sun describes do not appear to be medical in nature but instead reflect situational stressors like his pending Social Security claim. Further, when faced with Mr. Allman's failure to refill his medicine, Dr. Sun merely "encouraged compliance." *Id.* at 513. Beyond Dr. Sun's

treatment notes, the record as a whole reveals that Mr. Allman's mental limitations were not as severe as Dr. Sun opined. Medical records show that Mr. Allman was repeatedly oriented, that his recent and remote memories were intact, that he had a GAF of 70 to 75, and that he was competent to manage his own finances. Mr. Allman denied memory disturbances in May 2011.

In short, the record contains support for both the notion that Mr. Allman has extreme deficiencies in concentration, persistence, and pace, and the notion that his mental limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (noting that "the ALJ is entitled to resolve any conflicts in the record"); *see also Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004) (stating that we may not "displace the agency's choice between two fairly conflicting views") (brackets omitted). Thus, the ALJ appropriately gave Dr. Sun's opinion little weight. Concluding otherwise would require us to reweigh the evidence, a task we may not perform. *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

### III

We affirm the district court's and the ALJ's denial of benefits.