**Vicki Michelle THOMAS,**
**Plaintiff-Appellant,**

**v.**

**Nancy A. BERRYHILL,* Acting Commissioner of Social Security, Defendant-Appellee.**

**No. 16-1343**

United States Court of Appeals,
Tenth Circuit.

Filed April 13, 2017

---

* Under Fed. R. App. P. 43(c)(2), Nancy A. Berryhill is substituted for Carolyn Colvin as the Acting Commissioner of the Social Security Administration.

(D.C. No. 1:15-CV-00571-NYW) (D. Colorado)

Brandon Michael Selinsky, Joseph Anthony Whitcomb, Rocky Mountain Disability Group, Denver, CO, for Plaintiff-Appellant

J. Benedict Garcia, Lars J. Nelson, Jennifer Ann Randall, Social Security Administration, Region VIII, Office of the General Counsel, Denver, CO, for Defendant-Appellee

Before KELLY, MATHESON, and McHUGH, Circuit Judges.

**ORDER AND JUDGMENT** **

Scott M. Matheson, Jr., Circuit Judge

Vicki Michelle Thomas appeals a district court decision affirming the Commissioner of Social Security's denial of her application for benefits. She argues the administrative law judge (ALJ) who decided her claim erred for three reasons: (1) substantial evidence does not support his credibility determination; (2) he improperly weighed the medical opinions in the record; and (3) he did not adequately evaluate her claim of disabling pain. We reject these arguments and affirm.

## I. BACKGROUND

Ms. Thomas applied for supplemental security income (SSI) in 2012, claiming she had been disabled since 2007 due to severe back and leg pain and mental health problems. The ALJ denied her claim at the fifth step in the disability-determination process. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing the five-step process). He found that Ms. Thomas had three severe impairments: "lumbar spine disorder, depressive disorder, and an anxiety disorder." Aplt. App. Vol. 2 at 115. The ALJ concluded Ms. Thomas

has the residual functional capacity [RFC] to perform light work as defined in 20 [C.F.R. § ] 416.967(h). Specifically, [she] is able to lift 20 pounds occasionally and 10 pounds frequently. During an 8-hour workday, [Thomas] is able to stand[ ] and[/]or walk 4 hours and sit for at least 6 hours. [She] should avoid climbing ladders, scaffolds, and ropes. She should not work around unprotected heights. [Thomas] should not perform any assembly-line work because of limitations regarding persistence, pace, and

** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

stress. [She] cannot engage in work[ ] requiring intense, sustained concentration. [Thomas] is not able to perform work above the SVP 3 level. [She] is able to interact with the public no more than 2/3 of the workday; however, [Thomas] is able to have unlimited incidental contact with the public.

*Id.* at 117 (footnotes omitted). He found that Ms. Thomas could not do her past relevant work, but she could perform other jobs in the national economy. The Appeals Council denied review and the district court affirmed.

## II. STANDARD OF REVIEW

A social security claimant must prove she is disabled. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). We review the district court's ruling de novo. We independently determine whether the ALJ correctly applied the law and whether substantial evidence supports his findings. *Wall*, 561 F.3d at 1052.

## III. ANALYSIS

### A. *Substantial evidence supports the ALJ's credibility determination.*

■ Ms. Thomas challenges the ALJ's finding that her description of the severity of her symptoms was "not fully credible," Aplt. App. Vol. 2 at 120. We reject this challenge because the ALJ thoroughly explained his reasoning and tied his decision to substantial evidence in the record. We therefore defer to the ALJ's assessment of Ms. Thomas' credibility. *See Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) ("Credibility determinations are peculiarly the province of the finder of fact, and we

will not upset such determinations when supported by substantial evidence.").

The ALJ discussed several inconsistencies between Ms. Thomas' claims and other evidence in the record. He found that many of her activities of daily living conflicted with her claim that she was unable to work. The ALJ noted that Ms. Thomas was able to maintain her personal hygiene, shop for groceries, handle personal finances, clean her house, prepare simple meals, navigate the bus system, and maintain a relationship with her boyfriend. Ms. Thomas disputes this observation, but the record supports it. Ms. Thomas told Dr. Moran she can vacuum, prepare simple meals, dress, and brush her teeth. According to her disability application, she shops for groceries, pays bills, counts change, and uses a checkbook. Ms. Thomas testified that she generally uses public transportation and mentioned spending time with her boyfriend. Although the record also contains evidence that her daily activities are more limited, the ALJ is in the best position to resolve such conflicts in the evidence, *see Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

The ALJ also discussed an inconsistency between Ms. Thomas' testimony and his own observations. Ms. Thomas testified that she can sit for only nine to eleven minutes at a time, but the ALJ saw her sit for up to 45 minutes without changing position. Ms. Thomas claims the ALJ's finding was contrary to the evidence because she was in obvious discomfort at the hearing and eventually asked to stand. But the record did not reflect her discomfort,[1] and she did not ask to stand until the hearing was almost over. We therefore

---

1.  Ms. Thomas cites a portion of the transcript where her attorney asked, "Are you okay?" and she responded, "I'm not doing too well." Aplt. App. Vol. 3 at 146. But this exchange appears to concern how Ms. Thomas generally feels after walking to the bus stop near her home, not how she felt at the hearing. *See. id.*

have no reason to question the ALJ's observation.

Ms. Thomas also testified that she has trouble interacting with others, especially strangers, but the ALJ found this was inconsistent with a report from the Cooperative Disability Investigations Unit (CDIU). According to the report, an agent conducting surveillance on Ms. Thomas followed her to an appointment and had a conversation with her in the elevator. During the conversation, Ms. Thomas smiled, made eye contact, joked, and appeared relaxed. Ms. Thomas downplays the significance of this evidence, but it is inconsistent with her testimony.

The ALJ also noted an inconsistency between Ms. Thomas' description of her marijuana use and other evidence in the record. Ms. Thomas testified that she last used marijuana about a month before the hearing and, over the past three years, smoked an average of one joint every two weeks. But as the ALJ pointed out, Ms. Thomas told her doctor two years earlier that she "smokes weed all day," Aplt. App. Vol. 6 at 387. Ms. Thomas argues this inconsistency is not enough to undermine her credibility, but it was only one factor the ALJ considered. *See id.* Vol. 2 at 120 (in finding Ms. Thomas was "not fully credible," the ALJ said he "did not consider any one factor to be controlling").

Ms. Thomas testified that she can lift up to 20 pounds, but as the ALJ pointed out, her disability application states she "can[']t lift no more." *Id.* Vol. 4 at 286. Ms. Thomas argues this inconsistency is insufficient to find her incredible, but again, this was only one example the ALJ cited in support of his credibility determination.

Finally, the ALJ discussed inconsistencies in Ms. Thomas' behavior during her consultative examinations. According to the CDIU report, when Ms. Thomas left her physical consultative examination, she walked slowly and required help. But when she went to her psychological consultative examination a few days later, Ms. Thomas walked at a normal pace without assistance. The ALJ also noted that, shortly after laughing and joking with the agent in the elevator, Ms. Thomas appeared "depressed, sad, and tearful" during her psychological consultative examination, *id.* Vol. 5 at 349. Ms. Thomas claims this does not outweigh other evidence of her mental impairments, but we cannot reweigh the evidence or substitute our judgment for the ALJ's. *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014).

The numerous examples of inconsistencies between Ms. Thomas' claims and other evidence in the record are sufficient to support the ALJ's credibility determination.

### B.   *The ALJ properly weighed the medical opinions.*

■   Ms. Thomas argues substantial evidence does not support the ALJ's RFC determination because he improperly weighed the medical opinions. The ALJ must consider every medical opinion in the record and "discuss the weight he assigns to such opinions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). The regulations list several factors for the ALJ to consider. *See* 20 C.F.R. § 416.927(c)(1)-(6). But the ALJ is not required to discuss each factor if his decision is "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the . . . medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (internal quotation marks omitted). Here, the ALJ discussed each medical opinion in the record and thoroughly explained why he weighed them the way he did.

The ALJ discussed the opinions of Ms. Thomas' treating physician (Dr. Penny), a medical consultative examiner (Dr. Moran), a psychological consultative examiner (Dr. Graham), and two State agency disability examiners. He did not dismiss any of the opinions. He gave the most weight to Dr. Penny, who wrote that she did not "support [Thomas'] SSI claim as her condition would improve [with] PT," Aplt. App. Vol. 6 at 382. The ALJ reasoned that Dr. Penny "has examined and treated [Thomas] and is well versed in her conditions and their resulting limitations." *Id.* Vol. 2 at 124.

Ms. Thomas claims the ALJ erred by giving Dr. Penny's opinion the most weight. She argues Dr. Penny's statement regarding her SSI claim is essentially an opinion she is not disabled, which is an issue reserved for the ALJ. *See* § 416.927(d)(1), (3). But, as the district court also found, Dr. Penny simply gave her opinion that Ms. Thomas' condition would improve with physical therapy. She did not purport to make a disability determination. And regardless, Ms. Thomas points to no evidence the ALJ substituted Dr. Penny's opinion for his own judgment about whether she was disabled.

Ms. Thomas also argues that Dr. Penny's opinion seems to be based on Ms. Thomas' failure to do physical therapy. According to Ms. Thomas, this required the ALJ to analyze the factors discussed in 20 C.F.R. § 416.930, which addresses whether disability should be denied because a claimant failed to follow prescribed treatment. But the ALJ did not base his decision on Ms. Thomas' failure to follow prescribed treatment. At most, he took it into account when evaluating the credibility of her complaints. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to consider the factors in § 416.930 when he "did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment," but instead "considered what attempts plaintiff made to relieve his pain ... in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling.").

Ms. Thomas next argues the ALJ should have given Dr. Moran's opinion greater weight. But as the ALJ explained, Dr. Moran did not review the entire medical record and did not know about the CDIU report documenting Ms. Thomas' inconsistent behavior. The ALJ specifically discounted Dr. Moran's opinion that Ms. Thomas could not sustain an eight hour workday because she had not seen the results of Ms. Thomas' lumbar spine x-rays, which were normal. Overall, the ALJ concluded that Dr. Moran's opinion was less consistent than other medical opinions with the longitudinal record. These were appropriate considerations in weighing her opinion. *See* § 416.927(c)(4), (6).

Similarly, Ms. Thomas argues the ALJ should have assigned greater weight to Dr. Graham's opinion. The ALJ explained, however, that Dr. Graham had not reviewed the entire medical record and his opinion was less consistent than other medical opinions with the record as a whole. The ALJ disagreed with Dr. Graham's opinion that Ms. Thomas "appear[ed] to have moderate-to-marked impairment in her social functioning," Aplt. App. Vol. 5 at 350, because it was inconsistent with the CDIU report. In discussing Ms. Thomas' social functioning, Dr. Graham commented that she was "distant, guarded, depressed and tearful." *Id.* But according to the CDIU report, Ms. Thomas smiled, joked, and made small talk with a stranger minutes before. Ms. Thomas suggests the ALJ's treatment of Dr. Graham's opinion is contrary to *Hamlin v. Barnhart*, which stated "[t]he ALJ may

not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." 365 F.3d 1208, 1219 (10th Cir. 2004). But unlike the medical opinion in *Hamlin*, Dr. Graham's opinion was contradicted by other evidence in the record and the ALJ thoroughly explained why he gave it less weight.

In sum, Ms. Thomas has not shown the ALJ improperly weighed the medical opinions.

## C. The ALJ adequately considered Ms. Thomas' claim of disabling pain.

█ Ms. Thomas argues the ALJ did not sufficiently consider her claim of disabling pain. When faced with such a claim, the ALJ must "determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged ...; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling." *Keyes-Zachary*, 695 F.3d at 1166-67 (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). Here, the ALJ thoroughly evaluated Ms. Thomas' complaints and concluded her pain was not disabling.

The ALJ began his discussion by citing the first two *Luna* factors, but he did not discuss them at length. Instead, he focused on the third factor, which involves determining whether a claimant's subjective complaints of pain are credible. As noted above, the ALJ found that Ms. Thomas' subjective complaints were not entirely credible because there were several inconsistencies between her claims and other evidence in the record. The ALJ explained that Ms. Thomas' activities of daily living were inconsistent with her claim she was unable to work. *See Wilson*, 602 F.3d at 1145 (the nature of the claimant's daily activities is relevant to her subjective complaints of pain). He also pointed out that Ms. Thomas sought medical treatment "on a very infrequent basis in 2011" and "was not compliant with her doctor's recommendations that she undergo physical therapy," Aplt. App. Vol. 2 at 121, which the ALJ could reasonably understand as a recommendation to ameliorate her symptoms. *See Wilson*, 602 F.3d at 1145 (the frequency of the claimant's medical contacts and her attempts to obtain relief are relevant). The ALJ discussed the relatively "benign findings" of Ms. Thomas' medical tests and examinations and concluded they "further erode [her] credibility as to the severity and disabling nature of her symptoms." Aplt. App. Vol. 2 at 120; *see also Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (ALJ properly considered whether the claimant's subjective complaints were consistent with objective medical evidence).

The ALJ thoroughly evaluated Ms. Thomas' claim of disabling pain and explained the evidence he relied on. Nothing more is required. *Keyes-Zachary*, 695 F.3d at 1167 ("[S]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a formalistic factor-by-factor recitation of the evidence." (internal quotation marks omitted)).

Ms. Thomas also raises a perfunctory claim that her "impairments create other nonexertional restrictions to her ability to perform work," such as "an inability to maintain acceptable attendance" at work. Opening Br. at 26. But her one-sentence assertion is not sufficient for appellate review. *See Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) ("Perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appel-

late review." (internal quotation marks and brackets omitted)).

## IV.   CONCLUSION

We affirm.

