FILED
United States Court of Appeals
Tenth Circuit

September 4, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRIAN DALE GROOM,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 17-3260
(D.C. No. 6:16-CV-01387-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Brian Groom appeals the district court's order affirming the Commissioner's

decision to deny his application for disability insurance benefits and supplemental

security income. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Groom applied for benefits based on his degenerative disc disease, obesity, asthma, and carpal tunnel syndrome. After his claims were denied initially and upon reconsideration, he requested a hearing. An administrative law judge (ALJ) granted a hearing, at which Mr. Groom was represented by counsel. The ALJ concluded Mr. Groom was not disabled because he was able to perform his past relevant work as a sales clerk. The Appeals Council denied review, so the ALJ's decision is the Commissioner's final decision in this case. *See* 20 C.F.R. § 404.981.

Mr. Groom then appealed to the district court, where he was represented by new counsel. He argued that the ALJ failed to include the limitations stated in a consultation report by Dr. Berg when it assessed his residual functional capacity. Dr. Berg's report states that Mr. Groom could perform simple work and meet the demands of superficial interpersonal interactions. Mr. Groom argued that the report should be read as stating the full extent of his capabilities and that the ALJ failed to account for its limitations. But the district court found that the record supported the ALJ's determination that the report simply stated some, but not all, of Mr. Groom's capabilities, without setting forth specific limitations. The court explained:

> [Mr. Groom's] argument that 'the plain language reading of Dr. Berg's opinion supports that Mr. Groom retained the capacity for only simple work' is an argument in favor of his characterization of Dr. Berg's opinion. However, Dr. Berg did not so limit [Mr. Groom]. As the Commissioner suggests, Dr. Berg opined that [Mr. Groom] is clearly able to perform simple work and to meet the demands of superficial interpersonal interactions, he did not opine that was the *most* that [Mr. Groom] could do. In fact, a fair reading of Dr. Berg's report suggests that [Mr. Groom] would be able to do much more.

2

R. at 488-89 (brackets omitted). Noting that the ALJ's interpretation of the report was supported by evidence in the record, the district court affirmed.

Mr. Groom is proceeding pro se in this appeal, so we liberally construe his pleadings. *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). In his opening brief, he lists thirteen alleged errors by the ALJ, but only one of his arguments was made before the district court.

## II. Analysis

As a threshold matter, we do not consider arguments that were not presented to the district court unless compelling reasons require us to excuse the forfeiture. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Mr. Groom contends without support that his new allegations of error "were not discoverable and could not have been raised at the district level," Aplt. Opening Br. at 20, but he has not alleged circumstances which would compel us to address arguments he did not make in the district court. Accordingly, those arguments are forfeited. *See Allman*, 813 F.3d at 1330.

With respect to arguments that are preserved, we review the ALJ's decision to determine whether its factual findings are supported by substantial evidence and whether it applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "In conducting our review, we may neither reweigh the evidence nor

substitute our judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

In determining Mr. Groom was not disabled, the ALJ applied the familiar five-step process from our case law. *See Lax*, 489 F.3d at 1084 (describing the five-step evaluation process). The claimant bears the burden of establishing a prima facie case of disability in the first four steps. *Id.* The ALJ determined Mr. Groom was not disabled at step four.

Mr. Groom argues the ALJ did not give enough weight to his impairments in assessing his residual functional capacity and cites Dr. Berg's assessment that Mr. Groom "ha[d] become tense, irritable and preoccupied with his pain for the past several years." R. at 416. However, our role is not to reweigh the evidence presented to the ALJ. *See Qualls*, 206 F.3d at 1371. The ALJ's interpretation of Dr. Berg's report was reasonable and supported by evidence in the record. Nothing in the report contradicts the ALJ's assessment of Mr. Groom's residual functional capacity, and Mr. Groom points to no evidence contradicting the ALJ's determination that Mr. Groom's mental impairment was not severe. Although Mr. Groom argues the report must be interpreted as imposing limitations on his capabilities, "[t]he substantial-evidence standard does not allow us to displace the [ALJ's] choice between two fairly conflicting views," *Lax*, 489 F.3d at 1088 (internal quotation marks omitted).

4

## III. Conclusion

Finding no reversible error in the denial of Mr. Groom's claims, we affirm the district court's judgment.  We deny Mr. Groom's motion to supplement the record on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge