**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD G. HUNTER,

     Plaintiff - Appellant,

v.

HCA; MOUNTAINSTAR
HEALTHCARE, aka Mountainstar
Health; COLUMBIA OGDEN
REGIONAL MEDICAL CENTER, dba
Ogden Regional Hospital; MARK
ADAMS, CEO, in official and individual
capacity; BRIAN LINES, COO, in
official and individual capacity; MINDY
BOEHM, Dr, in official and individual
capacity; ED EHRENBERGER, in
official and individual capacity; CARLA
TAYLOR, in official and individual
capacity; STEVE KIER, in official and
individual capacity; VICKY MCCALL,
in official and individual capacity;
DANN BYCK, in official and individual
capacity; KEITH HANCETT, in official
and individual capacity; JEFF
STEPHENS, in official and individual
capacity; YASMEEN SIMONIAN, in
official and individual capacity; JOHN
HEMMERSMEIER, in official and
individual capacity; DON CAZEL, in
official and individual capacity;
PATRICK WILLIS, in official and
individual capacity; JOHN DIEMEL, in
official and individual capacity;
DANIELLE IHLER, in official and
individual capacity,

     Defendants - Appellees.

No. 19-4034
(D.C. No. 1:17-CV-00060-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Edward G. Hunter filed an action against a hospital and related defendants in which he claimed that defendants' actions wrongfully contributed to the termination of his employment and other injuries. Because Hunter failed to object to the magistrate judge's recommendation to grant summary judgment in favor of defendants on all of his claims, he waived his right to appellate review. Accordingly, we dismiss his appeal.

## I.     Background

Hunter was employed by Utah Imaging Associates ("UIA") as an interventional radiologist physician assistant. He had privileges to perform medical procedures at Ogden Regional Medical Center ("ORMC"). Hunter experienced serious health conditions and personal problems that spilled over into his work. He claimed that ORMC improperly responded to his health, conduct, and performance issues, which contributed to the loss of his medical privileges at ORMC, the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

termination of his employment with UIA, and the loss of his license with the State of Utah.

In response to defendants' summary judgment motion, Hunter argued there were disputed fact issues regarding his breach-of-contract claims. He also sought leave to amend his claim under the Americans with Disabilities Act ("ADA"). A magistrate judge issued a report and recommendation ("R&R") recommending that the district court deny, as futile, Hunter's request to amend his ADA claim and grant summary judgment in favor of defendants. The R&R advised: "Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review." Aplt. App. at 277. Hunter did not file objections to the R&R. The district court adopted the R&R in full, granted the summary judgment motion, and entered judgment for defendants on all of Hunter's claims.

Hunter appealed. This court issued an order to show cause why he had not waived his right to appellate review by failing to object to the R&R. After Hunter filed a response, the issue was referred to this panel for decision.

## II.     Discussion

This court has "adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate[ judge's] findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks

3

omitted).  This rule "advance[s] the policies behind the Magistrate's Act," including "enabl[ing] the district judge to focus attention on those issues—factual and legal— that are at the heart of the parties' dispute and giv[ing] the district court an opportunity to correct any errors immediately."  *Id.* (citation and internal quotation marks omitted).  The firm waiver rule promotes the efficient use of judicial resources based upon "the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court."  *Id.* at 1060 (brackets and internal quotation marks omitted).

We have recognized two exceptions to the firm waiver rule.  We do not apply the rule "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).  The first exception does not apply here because Hunter was represented by counsel in the district court.  *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (holding the first exception was inapplicable because the appellant was represented by counsel); *Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000) ("[T]he level of notice required for pro se litigants is not pertinent [where] appellant . . . is represented by counsel." (citation omitted)).  And the interests-of-justice exception applies to a counseled party "only in the rare circumstance in which a represented party did not receive a copy of the magistrate[ judge's] R & R."  *Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999); *see also In re Key Energy Res.*, 230 F.3d at 1200

4

("[I]n counseled, civil, nonhabeas cases, the merits of the underlying case should not be considered in determining whether the interests of justice exception has been met. . . . [D]etermination of the interests of justice exception should focus instead on the facts that purport to excuse the lack or untimeliness of the filing of objections.").

Hunter does not claim that he failed to receive the R&R. And his contention that the magistrate judge's notice was unclear—because it stated only that a failure to object "may" result in a waiver—is insufficient to support an exception. As noted, a counseled party cannot avoid application of the firm waiver rule by alleging that the R&R did not provide sufficient notice of the potential for waiver. *See In re Key Energy Res.*, 230 F.3d at 1200. In any event, and contrary to Hunter's suggestion, our provision of limited exceptions to the firm waiver rule demonstrates that the rule is not applied in every case.

Hunter also contends that neither the statute governing referral of dispositive issues to magistrate judges, 28 U.S.C. § 636(b)(1)(B), nor the corresponding procedural rule, Federal Rule of Civil Procedure 72(b), "contains . . . language to the effect that a failure to object to [an R&R] on a dispositive motion may or will constitute a waiver." Resp. to Ord. to Show Cause at 4. He notes that Rule 72(a), which addresses magistrate judges' rulings on nondispositive matters, does include a waiver provision. This argument ignores the origin of our firm waiver rule, which is neither statutory nor expressly dictated by a procedural rule. Rather, as explained,

5

we adopted the firm waiver rule to advance the policies behind the Magistrate's Act.[1]

As to Hunter's contention that the magistrate judge exceeded his statutory authority

by including waiver language in the R&R, the requirement to advise *pro se parties* of

the consequence of a failure to object is likewise grounded in our case law. *See*

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (requiring magistrate

judges to advise pro se parties in an R&R of the time period for objecting and the

consequent waiver of the right to appeal upon failing to do so). And as a counseled

party, Hunter received more notice regarding the firm waiver rule than our case law

requires.

## III.  Conclusion

Hunter waived appellate review by failing to file objections to the magistrate

judge's R&R. The appeal is therefore dismissed. *See In re Key Energy Res.*,

230 F.3d at 1201; *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1264, 1268

(10th Cir. 1999).

Entered for the Court

Allison H. Eid
Circuit Judge

---

[1] Moreover, Hunter's contention appears to confuse this court's application of the firm waiver rule on appeal with the effect of a failure to object on the district court's de novo review of an R&R under Rule 72(b)(3).