**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ARTHUR HOOKS,

    Plaintiff - Appellant,

v.

A AND M PROPERTIES; JEFFERSON
COUNTY,

    Defendants - Appellees.

No. 21-1336
(D.C. No. 1:21-CV-01544-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Arthur Hooks, proceeding pro se,[1] appeals the district court's order dismissing his civil suit under Federal Rules of Civil Procedure 8 and 41(b) for failure to comply with Rule 8's pleading requirements. Because Hooks did not object to the magistrate judge's report and recommendation (R&R) underlying the district court's order, he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Because Hooks is pro se, "we liberally construe his filings, but we will not act as his advocate." _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2009).

waived appellate review. And because none of the exceptions to this waiver rule apply here, we dismiss this appeal.

## Background

Hooks initiated this action against A and M Properties and Jefferson County, Colorado, alleging that he was illegally evicted from his business. The case was assigned to a magistrate judge. After ordering Hooks to file an amended complaint on the proper form, the magistrate judge found that the amended complaint failed to meet Rule 8's pleading requirements because Hooks did not "provide a short and plain statement of any claims showing he is entitled to relief." App. 12. As a result, the magistrate judge ordered Hooks to file a second amended complaint within 30 days and warned that failure to do so would result in dismissal without further notice. Hooks did not respond.

Well after the 30 days had passed, the magistrate judge issued an R&R concluding that the amended complaint should be dismissed without prejudice under Rule 41(b) for failure to comply with Rule 8. The R&R advised Hooks that he had 14 days after service to file a written objection and that a failure to object may result in waiver of appellate review. After the time period for objection had passed, the district court adopted the R&R and dismissed the complaint without prejudice.

Hooks appealed. This court issued an order to show cause as to why he had not waived his right to appellate review by failing to object to the R&R. After Hooks responded, the issue was referred to this panel for decision.

2

**Analysis**

A party who fails to timely object to a magistrate judge's recommendations "waives appellate review of both factual and legal questions." *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)). This "firm-waiver rule" does not apply, however, when (1) "a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object" or (2) "the interests of justice require review." *Id.* (quoting *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008)). The first exception does not apply here because the R&R advised Hooks of the time period to object and the consequences of failing to do so.

Turning to the second exception, we consider "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). None of these factors favor Hooks.

Hooks does not show an effort to comply. In response to the show-cause order, Hooks asserts that he "found out about his dismissal through a phone call to the district court and immediately appealed." Aplt. Resp. 1. But even assuming Hooks promptly appealed once he learned of the dismissal, he does not assert that he made any effort to stay apprised of his case status between the date the magistrate judge ordered him to file a second amended complaint and the date the district court entered the dismissal order, a period spanning more than two months. "As a party representing himself, it was [Hooks's] responsibility to keep himself apprised of the

3

status of his case." *Nitka v. Nelnet, Inc.*, 809 F. App'x 491, 495 (10th Cir. 2020) (unpublished).[2] Had Hook's monitored the docket or contacted the district court earlier, he would have discovered the orders requiring further action. *See id.*

Nor is his explanation for his failure to comply persuasive. Hooks contends that he "was not properly notified of what to do" because of "mail[-]tampering issues and a[n] address change." Aplt. Resp. 1. But Hooks provides no factual support for his vague allegation of mail tampering. *See Banks v. Hodak*, No. 10-1031, 2010 WL 2926545, at *3 (10th Cir. 2010) (unpublished) (finding plaintiff's "vague and unsupported" mail-tampering allegations did not warrant interest-of-justice exception). As to his alleged address change, the local rules required Hooks to inform the court of any address change "not later than five days after the change," but he failed to do so. D. Colo. Civ. R. 5.1(c). Moreover, Hooks filed his amended complaint on the District of Colorado form, which warned him that "[f]ailure to keep a current address on file with the court may result in dismissal of your case." App. 5. We have previously declined to apply the interest-of-justice exception when the party seeking to invoke it was responsible for the failure to receive the magistrate judge's recommendation, and we see no reason to stray from that practice here. *See Theede v. U. S. Dep't of Lab.*, 172 F.3d 1262, 1267–68 (10th Cir. 1999).

The importance-of-the-issues factor also cuts against Hooks. This factor considers whether the complaint raises "issues of considerable import." *Wirsching v.*

---

[2] We cite unpublished cases only for their persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

4

*Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004). On appeal, Hooks vaguely discusses the substantive allegations in his amended complaint but never explains why they are sufficiently important to merit appellate consideration despite his failure to timely object to the R&R. Nor do we discern issues of considerable import from our own review of the amended complaint. Thus, Hooks has not shown that his amended complaint raises issues of considerable import.

We have also said that a showing of plain error can be sufficient to establish that the interests of justice weigh in a litigant's favor. *See Morales-Fernandez*, 418 F.3d at 1122–23. But Hooks cannot prevail under this standard because he has not shown error, let alone plain error. *See id.* Notably, Hook's appellate brief does not address his failure to comply with Rule 8(a). *See Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) ("[W]e will not question the reasoning of a district court unless an appellant 'actually argue[s]' against it." (second alteration in original) (quoting *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992))). That rule specifically requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). And here, the substance of the amended complaint includes just eight conclusory sentences that lack factual support. Moreover, it is unclear which claims Hooks is asserting against each defendant. Thus, we agree with the magistrate judge and the district court that the amended complaint

fails "to inform the defendants of the legal claims being asserted." *Id.* Accordingly, and because all other relevant factors weigh against him, the interests-of-justice exception does not apply, and Hooks has waived appellate review.

As a final matter, we address Hooks's motion to proceed in forma pauperis. When, as here, the district court certifies that any appeal is not taken in good faith, we must give our authorization for the party to proceed in forma pauperis. Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). Because Hooks does not allege "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny his motion. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

For these reasons, we dismiss this appeal and deny Hooks's motion to proceed in forma pauperis. Hooks is required to immediately make full payment of his appellate filing fees.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6