FILED
United States Court of Appeals
Tenth Circuit

March 30, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERNESTO RAY LOYA,

    Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

    Respondent - Appellee.

No. 21-6102
(D.C. No. 5:20-CV-00922-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Ernesto Ray Loya, an Oklahoma state inmate, seeks a certificate of appealability

("COA") in order to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition.  He

has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  Accordingly, we deny a COA and dismiss the matter.

**BACKGROUND**

In 2016, an Oklahoma state jury convicted Mr. Loya of child sexual abuse, lewd

molestation, forcible sodomy, and first-degree rape.  The trial court imposed consecutive

prison sentences of twenty years for child sexual abuse, five years for lewd molestation,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and ten years for first-degree rape, along with a sentence of ten years for forcible sodomy to be served concurrently with the rape sentence.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment on direct appeal and affirmed the denial of Mr. Loya's application for post-conviction relief.

Mr. Loya filed a pro se § 2254 petition, raising eleven claims:  (1) the trial court improperly admitted hearsay statements by the victim without the advance notice and reliability hearing required under state law; (2) the trial court failed to require the prosecution to elect which acts it would rely upon to support each charged offense; (3) the trial court failed to require corroboration for the victim's testimony and the evidence was otherwise insufficient to support the convictions; (4) the trial court improperly admitted the victim's statements to his counselor as the evidence was cumulative and improperly bolstered; (5) the trial court improperly admitted evidence of other bad acts, including evidence that Mr. Loya used drugs, possessed an extensive amount of pornographic materials, and had been fired from a previous job due to sexual harassment; (6) a Confrontation Clause violation based on the admission of a forensic report through a witness other than the report's author; (7) the trial court improperly responded to the jury's questions about the elements of the offenses; (8) ineffective assistance of trial counsel; (9) cumulative error; (10) actual innocence; and (11) ineffective assistance of appellate counsel.  After the Warden responded to the petition, an attorney filed a reply brief on Mr. Loya's behalf that, among other things, purported to raise a twelfth claim:  that the trial court lacked subject-matter jurisdiction,

thus violating due process, because the United States never ceded the lands in Alfalfa County to the State of Oklahoma.

In a lengthy, thorough opinion, a magistrate judge recommended that the district court deny the petition. *Loya v. Whitten*, No. CIV-20-922-C, 2021 WL 3477710, at *1 (W.D. Okla. June 7, 2021). Although many of Mr. Loya's claims, including his evidentiary arguments, were based on state law, the magistrate judge liberally construed the petition and reviewed the state-law claims to determine whether they rendered Mr. Loya's trial fundamentally unfair so as to violate due process. Ultimately, the magistrate judge determined that the eleven claims in the petition lacked merit and that the twelfth claim raised in the reply brief was not properly before the court. After Mr. Loya submitted objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition. *Loya v. Whitten*, No. CIV-20-922-C, 2021 WL 3475580, at *1 (W.D. Okla. Aug. 6, 2021). The court stated that it "consider[ed]" Mr. Loya's objections but concluded that the "facts and law [were] accurately set out in the [report and recommendation]" and that "no purpose [would] be served in repeating them." *Id.* Following a limited remand from this court, the district court denied a COA.

## DISCUSSION

For this court to issue a COA on any of the eleven claims that the district court denied on the merits, Mr. Loya "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And for Mr. Loya's twelfth claim, which the

district court deemed waived, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In his COA application, Mr. Loya repeats the largely conclusory arguments made in his objections to the report and recommendation, without attempting to show how the district court's order adopting the report and recommendation satisfies the standards for a COA. As to the eleven claims denied on the merits, the magistrate judge's well-reasoned report needs no repetition or elaboration. As to Mr. Loya's twelfth claim, he argues that the district court erroneously dismissed the claim as unexhausted because subject-matter jurisdiction can be raised at any time and it would have been futile to attempt to exhaust his claim. But the magistrate judge did not recommend dismissal of the claim for failure to exhaust. Rather, the magistrate judge, after observing in passing that the claim "does not appear to have been exhausted," recommended that the district court dismiss the claim as waived "because it was not made in the Petition" and "arguments advanced for the first time in a reply brief are waived." *Loya*, 2021 WL 3477710, at *26 (internal quotation marks omitted). Mr. Loya did not object the magistrate judge's conclusion that he waived the claim by not raising it in the petition, and he therefore waived appellate review of that determination. *See Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (addressing firm-waiver rule). Similarly, in his COA Application, Mr. Loya has not contested the district court's decision adopting the magistrate judge's conclusion that the claim was waived, and he therefore has waived any challenge to that ruling. *See*

*Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

Rather than contest the district court's substantive rulings, Mr. Loya challenges the extent of the district court's review of his objections to the magistrate judge's report and recommendation. *See* COA Appl. at 29 (contending that "the [d]istrict [c]ourt's de novo review was conclusory because there was not any analysis to resolve [his] objections" and that "[t]his Court should determine that the [d]istrict [c]ourt's de novo review is debatable" for purposes of a COA).[1]  But because 28 U.S.C. § 636(b) "provid[es] for a de novo determination rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate[ judge's] proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (italics and internal quotation marks omitted).  The magistrate judge thoroughly reviewed the record and Mr. Loya's claims, and the district court, which explicitly stated it considered Mr. Loya's objections, saw no need to conduct any further analysis.  The district court acted well within its discretion in adopting the report and recommendation in a summary order.

---

[1] *See also* COA Appl. at 6 (arguing the district court resolved his claims "without analyzing his objections"); *id.* at 8 (stating "the [d]istrict [c]ourt must analyze his objections and failure to do so was an abuse of discretion"); *id.* at 12-13 (contending "the [d]istrict [c]ourt failed to consider [his] objection[s]" and to "analyze[] [his] claim under a de novo analysis"); *id.* at 20 (suggesting the district court failed to "analyze [his] objections"); *id.* at 22 (asserting "the [d]istrict [c]ourt provided no analysis of [his] objections").

Ultimately, having reviewed the record, the COA Application, and the applicable law, we conclude that, for substantially the reasons relied upon by the magistrate judge and adopted by the district court, the resolution of Mr. Loya's claims is not reasonably debatable and a COA is not warranted.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge