**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL; VICTORIA
CARBAJAL,

      Plaintiffs - Appellants,

v.

GILBERTO LUCIO; JAMES DIXON,
Police Officer for the Denver Police
Department, in his individual capacity;
MICHAEL O'NEILL, Police Officer for
the Denver Police Department, in his
individual capacity; JEFFREY WATTS,
Investigator for the Second Judicial
District, in his individual capacity; DAVID
ROMERO, Superior Probation Officer for
the Seventh Judicial District, in his official
capacity; JOE QUINTANA, Probation
Officer for the Seventh Judicial District, in
his individual capacity; BILL RAILEY,
Detention Administrator for the Delta
Detention Center, in his individual
capacity; CHRIS WELDON; ADAM
BARRETT, Police Officer for the Denver
Police Department, in his individual
capacity; JOEL SMITH, Police Officer for
the Denver Police Department, in his
individual capacity; JESSE REMBERT;
JAY LOPEZ, Police Officer for the Denver
Police Department, in his individual
capacity; CITY AND COUNTY OF
DENVER, a political subdivision of the
State of Colorado; DARIN DESEL, Police
Officer for the Denver Police Department,
in his individual capacity; FRED MCKEE,
Sheriff for the Delta Sheriff's Department,
in his individual capacity; PERRY
SPEELMAN, Police Officer for the Denver

No. 17-1301
(D.C. No. 1:10-CV-02862-PAB-KLM)
(D. Colo.)

Police Department in his individual capacity; BOARD OF COUNTY COMMISSIONERS OF DELTA COUNTY, a political subdivision of the State of Colorado; ED GRUNINGER, Investigator for the Second Judicial District and Police Officer for the Denver Police Department, his individual capacity; MYRL SERRA, former District Attorney of the Seventh Judicial District; B. SHROEDER; UNKNOWN REPRESENTATIVE, Representative of Patricia Kramer's Estate, former Deputy District Attorney for the Seventh Judicial District, in her individual capacity; SHERRI PRICE, Deputy District Attorney for the Seventh Judicial District; KRAMER, Deputy District Attorney; TIMOTHY HATCH, Deputy Sheriff in the Delta Sheriff's Department; B. WOLFE, Deputy Sheriff in the Delta Sheriff's Department; CITY OF ARVADA; DON WICK, Arvada Chief of Police; PATRICK MEESTER; A.J. DEANDREA; JOURDAN LOPEZ-BASGALL; CAROL WARNER, Chief of Probation for the Seventh Judicial District,

        Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

_____

Plaintiffs, proceeding pro se, appeal from the district court's judgment in favor

of defendants in this 42 U.S.C. § 1983 civil rights action.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Plaintiffs sued law enforcement, prosecutorial, and probation authorities

alleging violations of their constitutional rights arising from events that occurred in

several Colorado jurisdictions over more than a decade.  The district court dismissed

some of their claims and granted the defendants summary judgment on others.  A few

claims proceeded to trial, where the jury entered a verdict in favor of the defendants.

On appeal, plaintiffs challenge the dismissals and summary judgment rulings, along

with other rulings involving discovery issues, amendment of their complaint, and

reconsideration of the grant of summary judgment on certain claims.  Plaintiffs have

waived appellate review of some of their issues.  Finding no reversible error in any of

the remaining issues they properly preserved for appeal, we affirm.

### 1.    Delta County Deferred Judgment

In 1999, Mr. Carbajal was charged with sexual assault in Delta County District

Court.  He then made a plea deal to resolve pending criminal charges in Delta,

Montrose, and San Miguel counties.  As part of the deal, he entered *Alford* pleas to

charges involving the sexual assault, possession of a controlled substance, and a bail violation.[1]  Other cases against him were dismissed.

On August 30, 2001, the Delta County District Court sentenced Mr. Carbajal on the drug-possession conviction to four years' imprisonment followed by three years of parole.  It also imposed a deferred judgment with four years of supervision on the sexual assault conviction.  But as the Colorado Supreme Court would later conclude, in imposing this deferred judgment the state district court made a legal error:  it ordered the term of supervision to begin on Mr. Carbajal's release from confinement.  Under Colorado law, deferred judgment supervision must start on the day the defendant enters his guilty plea.

Mr. Carbajal was released from incarceration on July 26, 2004.  Under the state court's erroneous sentencing order, his deferred judgment supervision began on that date and would not end until July 26, 2008.  His three-year parole on the drug charge also began on his release date.

At some point prior to late April 2006, Mr. Carbajal's parole was revoked and he was returned to confinement.  Based on the parole revocation, on April 25, 2006, the state filed a petition to revoke his deferred judgment and to impose a judgment and sentence.  As part of the revocation proceedings Mr. Carbajal signed a stipulation to extend his deferred judgment supervision for an additional two years.  He contends his signature to this stipulation was obtained by threats and violence.  In any event, at

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

4

a hearing on the revocation petition, the court informed the parties that it lacked authority to extend the deferred judgment beyond the statutory maximum.

But after the state reframed the proposed extension as a "restart" agreed to by the parties in lieu of imposing a judgment and sentence, the district court agreed. It "restarted" the deferred judgment supervision, ordering that it would now run from July 14, 2006, through July 14, 2010. The state then withdrew its revocation petition.

During this second four-year supervision period, in April 2007, the state filed a second petition to revoke Mr. Carbajal's deferred judgment. The Delta County District Court set a hearing on the petition, but Mr. Carbajal failed to appear at the hearing. The court therefore issued a warrant for his arrest.

The Delta County Sheriff arrested Mr. Carbajal on the warrant. He then filed a petition for writ of habeas corpus seeking to vacate his deferred judgment. The sentencing court denied the petition. He appealed.

The Colorado Supreme Court ruled in Mr. Carbajal's favor. It determined that the sentencing court had erred and exceeded its jurisdiction by (1) starting the deferred judgment supervision nearly three years after Mr. Carbajal pled guilty; (2) continuing the supervision for nearly seven years after his plea; (3) hearing a revocation petition filed eight months after the statutory filing period ended; and (4) enforcing a two-year extension of the deferred judgment framed as Mr. Carbajal's stipulation to new supervision conditions. *People v. Carbajal*, 198 P.3d 102, 107 (Colo. 2008). The Colorado Supreme Court directed the Delta County District Court to dismiss the deferred judgment, which it did.

5

According to plaintiffs, the state district court's wrongful extension of Mr. Carbajal's deferred-judgment supervision represented the culmination of a large-scale scheme by Delta County authorities to deprive Mr. Carbajal of his constitutional rights. This alleged conspiracy involved nearly every facet of his criminal proceedings in Delta County. Among other things plaintiffs alleged that defendants wrongfully coerced his *Alford* plea, falsified probable cause to revoke his supervised release, destroyed exculpatory evidence, and obtained his signature to an extension of his deferred judgment in July 2006 by employing death threats and assaults.

### 2.    Alleged Denver County Constitutional Violations

The conspiracy allegedly did not end with the proceedings in Delta County. The Delta County conspirators also allegedly "infected the mindsets of numerous . . . colleagues that work for the Denver Police Department." R., Vol. 2 at 686. In furtherance of the conspiracy, Denver police officers, along with other Denver officials including district attorneys, allegedly began violating plaintiffs' rights in the City and County of Denver.

Plaintiffs described several incidents involving Denver police officers that allegedly violated Mr. Carbajal's constitutional rights. These include:

(1) an invasion, without consent or a warrant, of Mr. Carbajal's home on April 29, 2009, involving an illegal search of the premises, unlawful seizure of Mr. Carbajal's property, illegal arrest of Mr. Carbajal, and an unconstitutional use of

6

excessive force against him, followed by a prosecution of Mr. Carbajal without probable cause on spurious charges arising out of the warrantless search and seizure;

(2) an invasion, without consent or a warrant, of Mr. Carbajal's home on October 13, 2009, involving an illegal search of the premises;

(3) an invasion, without consent or a warrant, of Mr. Carbajal's home on April 5, 2010, involving an illegal search of the premises and unlawful seizure of Mr. Carbajal's property, illegal arrest of Mr. Carbajal, followed by his prosecution without probable cause on spurious charges based on fabricated evidence arising out of the warrantless search and seizure;

(4) use of excessive use of force against Mr. Carbajal on August 24, 2010, involving an officer striking Mr. Carbajal with his vehicle and throwing a rock at him that struck him on his head;

(5) use of excessive force against Mr. Carbajal on August 28, 2010, involving a beating administered to him while he was lying subdued on the ground, allegedly leaving him "unconscious in a puddle of blood," *id.* at 690, followed by the officers' theft of his personal property.

### 3.    District Court Proceedings

In November 2010, Mr. Carbajal and his mother Victoria brought this action pro se in federal district court.  Their Second Amended Complaint (SAC) charged a

7

wide-ranging conspiracy and named over 50 defendants, including prosecutors, judges, and judicial employees.[2]

On October 19, 2011, the district court dismissed the SAC. It found the 111-page SAC, with its attached 65-page "Declaration of Truth," failed to comply with Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The court permitted Mr. Carbajal to file a third amended complaint, limited to 25 pages, including any attachments.

This dismissal order marked the end of the road for certain claims. The district court specified that any third amended complaint must not include claims it had dismissed with prejudice. Pertinent to this appeal, these claims included Victoria Carbajal's First Amendment retaliation claim (the only claim specific to her in this action); the claims against the Delta County-related defendants, except for claims that two prosecutors (defendants Myrl Serra and Sherri Price) had destroyed exculpatory evidence in Mr. Carbajal's criminal prosecution; and the claims against probation officers Carol Warner, David Romero and Joseph Quintana, except the claim that they knowingly and intentionally prepared and submitted false affidavits in support of contentions that Mr. Carbajal violated the terms of his parole or deferred judgment.

---

[2] Although the SAC is not the operative complaint, we discuss it because portions of the order dismissing it are relevant to plaintiffs' appellate issues.

Mr. Carbajal filed his operative Third Amended Complaint (TAC) in January 2012. Over the next seven years the district court disposed of this complaint piecemeal. It dismissed some claims and defendants in September 2012, granted summary judgment for others in 2016, then later that year denied Mr. Carbajal's motion to reconsider its summary judgment order. In 2017, some of Mr. Carbajal's excessive-force claims proceeded to a jury trial. The jury ruled in favor of the defendants, and the court entered a final judgment. In 2019, the district court denied Mr. Carbajal's motion for a new trial.

Plaintiffs have appealed the district court's final judgment, challenging numerous orders the court entered along the way.[3]

## DISCUSSION

We address only those arguments properly preserved in district court and adequately briefed for our review. *See Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 n.3 (10th Cir. 2020) ("Generally, this court does not consider arguments raised for the first time on appeal."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented, in an appellant's opening brief."). We construe plaintiffs' pro se filings

---

[3] In a single sentence in their opening brief, plaintiffs state that their "unfair trial is assigned as err[or] as well." Aplt. Opening Br. at 2. This conclusory statement is insufficient to present any error for our review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

liberally but do not serve as their advocate.  *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

### 1.  Delta County Defendants

We review the district court's dismissal for failure to state a claim de novo. *See Strauss,* 951 F.3d at 1266.  "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must allege sufficient facts to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  In determining whether this standard is met, "[w]e accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party."  *Id.* at 1267 (internal quotation marks omitted).

As noted, the district court dismissed some of the claims asserted against the Delta County Defendants as part of its review of the SAC.  It later dismissed additional claims reasserted against them in the TAC.  In its September 2012 order concerning the TAC the district court divided the so-called "Delta County Defendants" into three sub-groups:  (1) the Delta County Board of County Commissioners (BOCC); (2) prosecutors for the Seventh Judicial District (which includes Delta County); and (3) individuals associated with the Delta County Sheriff's Office.  The district court dismissed all remaining claims against the first two sub-groups.  It dismissed some of the claims against the Sheriff's Office defendants but denied their motion to dismiss the § 1983 claims for conspiracy and for violations of Mr. Carbajal's Fourteenth Amendment right to procedural and substantive due process.

## A. Delta County Prosecutors

Plaintiffs assert that Mr. Carbajal stated a plausible Fourth and Fourteenth Amendment malicious-prosecution claim against the Delta County prosecutors (defendants Serra, Price, and Kramer).[4] The TAC alleged these defendants caused his continued confinement, false arrest, and prosecution by submitting false affidavits for his arrest and by altering and destroying his original plea agreements and contracts that established concurrent sentences for the Delta County convictions.

The parties agree that to state a claim for malicious prosecution, Mr. Carbajal was required to allege that (1) the defendants caused his continued confinement or prosecution; (2) the original action terminated in his favor; (3) the arrest, continued confinement, or prosecution was unsupported by probable cause; (4) the defendants acted with malice; and (5) he suffered damages. *See Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018). The district court determined the TAC failed to allege sufficient facts to meet the third and fourth elements. We agree.

Concerning the third element, whether the prosecutors acted without probable cause, the magistrate judge determined that he "provide[d] no specific facts in support of this claim." R., Vol. 3 at 366. The magistrate judge explained that the

---

[4] Ms. Kramer died in New Mexico in 2007. The TAC names as a defendant the "unknown representative" of her estate. R., Vol. 2 at 676 (capitalization omitted). Although plaintiffs served their complaint on Kramer's personal representative, the district court dismissed this claim with prejudice, finding it untimely under New Mexico's non-claim statute. *See* R., Vol. 3 at 351-52, 434. Plaintiffs fail to show this resolution was incorrect. We therefore affirm it.

11

TAC "explains nothing about the plea agreement or 'contracts' that allegedly supported a concurrent sentence, . . . does not identify whose affidavits were false, what allegedly false statements were made in the affidavits, or even generally state the topics on which the Prosecutor Defendants allegedly submitted false information." *Id.* Our independent review of the TAC confirms this deficiency.

Concerning the fourth element, whether the prosecutors acted with malice, the magistrate judge noted that although the TAC alleged that the defendants acted "knowingly, intentionally, willfully, and wantonly," the lack of specific allegations concerning their "alleged falsification of documents, purportedly wrongful submission of inculpatory evidence or destruction of exculpatory evidence" meant this element failed as well. *Id.* at 367 (internal quotation marks omitted). We agree. We therefore affirm the dismissal of the malicious-prosecution claim against the Delta County prosecutors.

## B. Delta County Municipal Liability

The district court also dismissed Mr. Carbajal's claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against BOCC and the other Delta County defendants. The court adopted the magistrate judge's recommendation to dismiss the claim against the individual defendants because a *Monell* claim does not apply to individuals. It adopted the recommendation to dismiss the claim against BOCC because BOCC was not liable for the actions of employees of the Sheriff's Department, Probation Department, District Attorney's Office, or Detention Center. *See id.* at 694 ("[I]t is when execution of a

12

government's policy or custom, *whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy*, inflicts the injury that the government as an entity is responsible under § 1983." (emphasis added)); *see also, e.g.*, *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (plaintiff seeking to hold municipality liable under § 1983 must establish that "the municipality was the 'moving force' behind the injury alleged" by "demonstrat[ing] a direct causal link between the municipal action and the deprivation of federal rights").

Mr. Carbajal argues that BOCC should be held liable for actions employees of the sheriff's office, probation department, district attorney's office, and detention center allegedly took pursuant to county policy formulated by the employees or their supervisors. *See, e.g.*, *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019) (discussing liability based on municipal policy or custom). But he fails to show that BOCC had any supervisory authority over the employees or supervisors of these agencies such that BOCC's policy or custom could be considered the source of his injuries. *See, e.g.*, *Bristol v. Bd. of Cty. Comm'rs*, 312 F.3d 1213, 1219 (10th Cir. 2002) (under Colorado law, a "Board of County Commissioners has no control over [a] Sheriff's employees" and is not liable for their negligence); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) (district attorney is executive officer of the state). The district court therefore properly dismissed his *Monell* claim against BOCC.

13

## 2. Dismissal of Ms. Carbajal's First Amendment Retaliation Claim

In its order dismissing the SAC, the district court adopted the magistrate judge's recommendation to dismiss Victoria Carbajal's First Amendment retaliation claim with prejudice. The magistrate judge reasoned that Ms. Carbajal had based her claims solely on alleged abuses committed against Mr. Carbajal and had made only conclusory statements that defendants' actions also harmed her rights. We agree that Ms. Carbajal failed to allege a sufficient harm to her rights to state a plausible First Amendment retaliation claim. *See, e.g.*, *Klen v. City of Loveland*, 661 F.3d 498, 508 (10th Cir. 2011) (identifying elements of such a claim). This claim was therefore properly dismissed.

## 3. Limits on Amended Complaint and Denial of Further Leave to Amend

### A. Length Restriction on TAC

Plaintiffs complain the district court improperly limited the TAC and any attachments to 25 pages. We review this limitation for an abuse of discretion. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). The district court did not abuse its discretion here.

Plaintiffs' previous effort, the SAC, weighed in at 176 pages. The district court correctly determined this violated the "short and plain statement" requirement of Fed. R. Civ. P. 8. Nevertheless, the magistrate judge noted she had expended "significant time and resources" on the SAC, doing her best to carefully review every page to determine whether plaintiffs' claims were viable. R., Vol. 2 at 527.

14

Having already parsed and sharpened the SAC by dismissing several claims, the district court did not abuse its discretion in imposing a specific limit of 25 pages on plaintiffs' effort to restate what remained.  Indeed, plaintiffs took full advantage of the limited space afforded to them in the TAC, filling each page with tiny handwriting that totaled 124 separate paragraphs.  This resulted in four claims,[5] each of those containing sub-claims, against 23 defendants, with 15 additional footnotes.  The district court's limitation was not "oppressive" as plaintiffs repeatedly assert, *see, e.g.*, Aplt. Opening Br. at 22, but instead was reasonable.  The district court understandably wished to preclude any unnecessary and excessive additional expenditure of judicial resources by avoiding a massive reiteration of plaintiffs' claims.  It therefore wisely and permissibly limited the length of the third amended complaint.

### B.  Leave to File Fourth Amended Complaint

Plaintiffs argue the district court should have permitted them to file a fourth amended complaint to cure any deficiencies in their claims.  The magistrate judge carefully analyzed the issue of further amendment, concluded that granting leave to amend would be futile, and recommended that the dismissal of the causes of action and defendants she identified should be with prejudice.  *See* R., Vol. 3 at 385-86.  The district court adopted this recommendation.  We review the district court's denial

---

[5] Plaintiffs assert they raised five claims.  It appears they count their conspiracy claim raised under the heading of malicious prosecution as a separate claim.

of leave to amend for an abuse of discretion. *See Jensen v. W. Jordan City*, 968 F.3d 1187, 1201 (10th Cir. 2020). Plaintiffs present only cursory assertions that further leave to amend should have been granted. They have not demonstrated that the district court abused its discretion in denying leave to amend. We therefore affirm.

### 4. Summary Judgment

Plaintiffs challenge the district court's grant of summary judgment on Mr. Carbajal's Fourth and Fourteenth Amendment claims, related procedural rulings, and the denial of their motions for reconsideration. We first discuss the procedural history and plaintiffs' challenges to the procedural rulings, then turn to plaintiffs' arguments regarding summary judgment and reconsideration.

### A. Procedural History

In July 2015, after the district court dismissed portions of the TAC, the remaining defendants filed motions for summary judgment. Mr. Carbajal did not answer any of these motions until December 2015, long after the two extensions of time the district court granted him to respond had expired. In the meantime, he filed various discovery-related motions. On November 24, 2015, the magistrate judge denied each of those motions.

In one motion, Mr. Carbajal requested that discovery be reopened to give him additional time to discover information concerning two officers whose identities had belatedly been revealed to him. But the magistrate judge determined Mr. Carbajal had learned the officers' identities early enough to have sought discovery concerning them. She also denied his more general attempts to obtain additional time for

16

discovery under Fed. R. Civ. P. 16(b) and 56(d) reasoning that these attempts were untimely and that Mr. Carbajal had not shown diligence in seeking discovery.

In another motion, Mr. Carbajal sought a third extension of the summary-judgment briefing schedule. The second extension of time he received had expired on October 17, 2015. Given the lack of merit of Mr. Carbajal's discovery-related motions the magistrate judge found no extraordinary circumstances that would warrant a third extension.

The magistrate judge also denied his requests for a stay of proceedings pending resolution of his other motions. Given that those motions had already been resolved, she reasoned, these requests were moot.

In December 2015, Mr. Carbajal filed a response to the first of the pending summary-judgment motions. The state defendants moved to strike his response as untimely.[6] The magistrate judge granted their motion, striking as untimely both the response and the supporting documentation Mr. Carbajal had filed.[7]

---

[6] The state defendants are Carrol Warner, David Romero, and Joe Quintana. They were probation officers with the Seventh Judicial District. The district court granted their summary judgment motion on Mr. Carbajal's claims against them for malicious prosecution, a related conspiracy, and unreasonable search and seizure.

[7] Plaintiffs argue that their factual material did not constitute "pleadings" that the district court could strike as "redundant, immaterial, impertinent, or scandalous" under Fed. R. Civ. P. 12(f). But the district court struck their response and accompanying materials as untimely, not for the reasons stated in that rule.

17

Mr. Carbajal sought district-court review of both the magistrate judge's discovery rulings and the order striking his response. The district court overruled his objections to both orders and later denied his motion for reconsideration.

The magistrate judge issued a report recommending that the defendants' summary-judgment motions be granted on the merits except as they concerned certain excessive-force claims against the Denver defendants. She noted Mr. Carbajal's failure to file timely responses to the motions but carefully analyzed the evidence in the record concerning his claims, including his verified complaint, which she treated as an affidavit. *See* R., Vol. 9 at 417 n.4.

Mr. Carbajal twice requested extensions of time to object to this recommendation. The district court granted a first extension but denied the second. Only the Denver defendants (not Mr. Carbajal) filed objections to the magistrate judge's recommendation. The district court considered these objections and adopted the recommendation in part. It granted the defendants' summary-judgment motions except as they pertained to certain excessive force claims against Watts and the Denver defendants. Those claims proceeded to trial, eventually resulting in a jury verdict for the defendants. In the meantime, Mr. Carbajal filed two interlocutory motions for reconsideration, which the district court denied.

## B. Rulings on Mr. Carbajal's Motions

Plaintiffs challenge the district court's denial of Mr. Carbajal's motions to reopen discovery, for a stay of proceedings, and for additional time to respond to the summary-judgment motions. "[T]he district court has wide discretion in its

18

regulation of pretrial matters." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). We therefore review the orders challenged here for an abuse of discretion. *See id.* (reopening of discovery); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1216 (10th Cir. 2000) (motion to amend pretrial order); *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (stay of summary-judgment proceedings under Fed. R. Civ. P. 56(f) (now Rule 56(d)); *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (extensions of time). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," or where it "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (internal quotation marks omitted).

Plaintiffs argue Mr. Carbajal needed more time to investigate the role that a Denver officer, whose identity had allegedly been concealed from them, played in the alleged 2009 invasion of his home without probable cause or a warrant, and concerning "Denver Police and Sheriffs' wide spread practice of entering citizen[s' homes] without probable cause or warrant." *See* Aplt. Opening Br. at 27. This argument applies, if at all, to plaintiffs' ability to respond to the *Denver defendants'* motion. Plaintiffs fail to show they needed a reopening, extension or stay to respond to any of the other defendants' summary judgment motions. We therefore reject their argument to the extent it concerns summary judgment in favor of any defendant other than the Denver defendants.

19

Second, the magistrate judge determined that the Denver defendants put Mr. Carbajal on notice of the existence of the allegedly "concealed" officer's identity as of May or June 2015, while discovery was ongoing. For this reason, it was unnecessary to reopen discovery to obtain additional information regarding the officer. As for his argument that the Denver defendants should have produced Internal Affairs files, the magistrate judge determined that those defendants had objected to producing these files and Mr. Carbajal failed to file a timely motion to compel. His request to compel discovery or to object to the defendants' discovery responses was thus untimely.

A similar rationale extends to denial of Mr. Carbajal's motions for stay or extension of time. The magistrate judge determined these motions were untimely and showed a lack of due diligence. Plaintiffs fail to persuade us that district court abused its discretion in denying the motions.

### C. Summary-Judgment Ruling

Plaintiffs next argue that the district court erred in granting summary judgment because it ignored evidence that established a genuine issue of material fact concerning their Fourth and Fourteenth Amendment claims. Plaintiffs' summary-judgment arguments are doubly forfeited. They failed to file a timely response to the defendants' motions for summary judgment, and they failed to object to the magistrate judge's recommendation that the defendants' motions should be granted.

20

Of course, plaintiffs' failure to respond to the summary-judgment motions did not eliminate the need for the district court to determine that the summary-judgment standards were met. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). But the magistrate judge made that determination, and the district court adopted it. Plaintiffs do not deny that they failed to object to the magistrate judge's recommendation. But they argue that this failure should be excused because the district court "unfairly" denied their second motion for extension of time to file objections. Aplt. Opening Br. at 23. Their conclusory assertion of unfairness, however, is insufficient to raise an issue for appellate review. *See Bronson*, 500 F.3d at 1104 ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief"). Therefore, under our "firm waiver rule," plaintiffs' failure to object to the magistrate judge's recommendation bars their challenges to the district court's conclusion that the summary judgment standard was met. *See Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) ("The scope of our review is limited to the issues [a party] properly preserves in the district court and adequately presents on appeal," and "the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." (alterations and internal quotation marks omitted)).[8] Accordingly, we affirm the grant of summary judgment.

---

[8] Plaintiffs repeatedly argue that to the extent they failed to properly preserve their issues for ordinary appellate review, we should review them for plain error. A party may avoid the application of the firm-waiver rule by showing that the "interests of justice' require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir.

21

## D. Motions for Reconsideration

Plaintiffs also argue that they preserved their summary judgment challenges through alternative means—by filing motions for reconsideration. These motions were filed and adjudicated before final judgment was entered, and while other claims remained pending for trial.

### (1.) Motion to Reconsider

Mr. Carbajal's first motion sought reconsideration of the district court's summary-judgment decision.[9] He accompanied the motion with over 1,000 pages of materials.

_____

2008). In determining whether this standard is met, "we have considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1238 (internal quotation marks omitted). Assuming the first two factors weigh in their favor, plaintiffs fail to show that the importance of those issues for which they seek plain-error review is sufficient to trigger the "interests of justice" exception. The "importance of the issues" factor involves an inquiry similar to that of plain-error review, which requires a party to show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1238 (internal quotation marks omitted). Plaintiffs fail to show their entitlement to reversal under that standard. First, many of their references to plain error are made only in passing, which is insufficient to invoke our review under that standard. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (stating defendant must "argue for plain error *and its application* on appeal" (emphasis added)). Second, to the extent they adequately present a plain-error argument concerning a factual dispute over probable-cause issues, they fail to persuade us that the test is met—in particular, that the district court committed an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Duffield*, 545 F.3d at 1238. We therefore decline to excuse their waiver in the interests of justice.

[9] *See* "Motion to Reconsider the Court's Abusive and Unfair Denial of Extensions of Time and Improper Grant of Summary [Judgment] Based on the

In relevant part, Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." *See also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge." (internal quotation marks omitted) (citing Rule 54(b))). For guidance in considering such a motion, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e). Grounds for granting a motion to reconsider pursuant to Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). We review the reconsideration of an interim ruling for abuse of discretion. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011).

The district court denied the reconsideration motion because Mr. Carbajal pointed to no change in the law or newly discovered evidence and failed to show clear error in the prior rulings. Plaintiffs complain that the motion and accompanying documents "clearly spelled out Defendants' and counsel's fraud" and that the district court refused to review their evidence and arguments concerning that fraud. Aplt. Opening Br. at 29.

---

Fraudulent Misrepresentation of Facts and Concealment of Material Evidence Supporting Liability." R., Vol. 10 at 214.

23

In denying the motion, the district court cited the relevant pages of Mr. Carbajal's motion concerning alleged fraud. Plaintiffs give us no reason to depart from our customary assumption that the district court properly reviewed Mr. Carbajal's assertions. *Cf., e.g.*, *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (assuming district court reviewed magistrate's report de novo in absence of contrary evidence). The district court also cited its previous orders analyzing and rejecting Mr. Carbajal's contentions and concluded that his "allegations regarding fraudulent conduct and concealment of evidence . . . have been rejected repeatedly." R., Vol. 13 at 192. Plaintiffs fail to show this conclusion represented an abuse of discretion.

### (2.) Notice of Fraud

Mr. Carbajal filed his second motion, titled "Notice to Court of Fraud and Motion to Reopen Case Against State Defendants," *id.*, Vol. 14 at 77, under Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party." The district court denied the motion, reasoning Mr. Carbajal failed to show that the state defendants had fraudulently concealed documents as he alleged.

Plaintiffs assert that "the Colorado [Department] of Corrections [(CDOC)], Hall & Evans, Jeff Watts, and others intentionally concealed the identities and personal involvement of Parole Officer[s] Burch and Bogner to prevent Mr. Carbajal from properly naming them and pursuing his claims against these parties," and that "Defendants Warner, Romero, and Quintana [and their counsel] have fraudulently

24

concealed evidence that they were illegally involved in the enforcement of a false deferred judgment before 2007 to prevent Mr. Carbajal from proving his claims." Aplt. Opening Br. at 29.

Although plaintiffs do not discuss these assertions in detail in their opening brief, the district court explored them thoroughly. Addressing Mr. Carbajal's claim that the allegedly suppressed Chronlog showing that Burch and Bogner participated in the residential search in October 2009, and that defendants Quintana and Warner supervised him on probation in 2005, the district court determined that Mr. Carbajal had failed to "allege, let alone show by clear and convincing evidence, that defendant Watts or his counsel had possession of the Chronlog or other documents he claims were fraudulently concealed." R., Vol. 15 at 61. Because Mr. Carbajal failed to show that Watts, his counsel, or the state defendants possessed the Chronlog, he could not show they fraudulently concealed such materials. The district court further noted that Mr. Carbajal developed his fraud claim after he obtained the Chronlog and materials *from the CDOC* in a separate action, which negated his claim that the CDOC fraudulently concealed the materials. Plaintiffs fail to show that the district court abused its discretion in concluding Mr. Carbajal failed to show fraudulent concealment.

## CONCLUSION

The district court's judgment is affirmed. We grant appellants' motions to proceed in forma pauperis. We remind Dean Carbajal that he is obligated to continue making partial payments until the entire fee has been paid, but that his obligation will

25

be reduced by any amounts paid by Victoria Carbajal. The Arvada Defendants' and Timothy Hatch and B. Wolfe's motions to dismiss them from the appeal are granted. Defendants-Appellees O'Neil, Lopez, and the City and County of Denver's motion to join in the Denver Defendants' response brief is granted.

Entered for the Court


Timothy M. Tymkovich
Chief Judge